WILLIAM H. SPEER, Respondent, *v.* THE PHŒNIX MUTUAL LIFE INSURANCE COMPANY, Appellant.

*Damages — measure of, upon the refusal by a solvent insurance company to continue a valid policy.*

In 1867 the plaintiff procured from the defendant a policy of insurance for $10,000, upon the life of his father, and paid the premiums falling due thereon from that time until 1879, when the defendant refused to receive them, notifying the plaintiff that it would no longer continue the policy, or be bound thereby, because it had been procured by fraudulent representations as to material facts. In this action, brought by the plaintiff to recover damages for the defendant's breach of its contract, a verdict was rendered in his favor, and he was allowed as damages the amount of the premiums paid by him, with interest thereon from the date of their respective payments.

*Held*, that the measure of damages adopted by the court was erroneous.

That if at the time of the refusal of the defendant to accept the premiums the life of the plaintiff's father was still insurable, the measure of his damages was the difference between the then present value of the premiums he would have been compelled to pay during the life of his father under the policy issued by the defendant and the present value of the premiums which he would be compelled to pay under a policy which could then be obtained from another responsible company.

That if at that time the life of his father was not insurable, his damages would be the actual value of the policy at the time of the breach, as being a valid and obligatory claim against an entirely responsible company.

APPEAL from a judgment in favor of the plaintiff, entered on the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*J. W. Simpson* and *T. Thacher*, for the appellant.

*H. B. Closson* and *J. E. Parsons*, for the respondent.

DAVIS, P. J.:

This action is brought to recover damages for an alleged breach of contract by defendant in refusing to receive the annual premium on a policy of life insurance and continue the insurance. The defendants sought to justify this refusal on the ground that the policy was obtained by fraudulent representations as to material facts. The policy was issued to the plaintiff in the year 1867 for an insurance of $10,000 on his father's life. The plaintiff paid and the defendant received the annual premiums until 1879. In that year the plaintiff tendered the premium and the defendant refused to receive it, notifying him that it would no longer continue the policy in force or be bound thereby. The plaintiff thereafter demanded a return of all the premiums previously paid and this demand was refused. The relief demanded in the complaint is the repayment of the premiums with interest on them respectively from the dates of payment; and this is what under the rulings of the court the plaintiff has been allowed to recover.

The material questions of the case arise upon various rulings of the court affecting the introduction of evidence in answer to the charges of fraudulent representation, and upon portions of the charge relating to the effect of such evidence. But inasmuch as we are of opinion that there must be a new trial of this case for error in adopting an erroneous rule of damages recoverable, it is unnecessary to consider them further than to say that under the authorities we are inclined to the opinion that the rulings and charge of the learned judge were correct.

The question what is the true measure of damages in such a case as this is an extremely interesting one, and not easy to determine. We think however that it must be controlled by the application of settled principles of law. The verdict of the jury has

established that the policy of the plaintiff on the life of his father was at the time of its breach by defendant, and had been at all times since its issue, a valid contract obligatory upon the defendant. The defendant by refusing to receive the premium and continue the policy broke the contract at the date of such refusal, and subjected itself to the consequences that follow the breach of a binding agreement. The plaintiff had two remedies—one, to enforce the policy in equity by compelling the company to receive the premium and continue the insurance in force; the other, to recover at law such damages as he sustained by reason of the breach. He elected the second of those remedies and succeeded in establishing that the defendant is liable to pay the damages that have resulted to the plaintiff by its unjustifiable acts. As such damages he has been allowed to recover the full amount of each annual premium paid by him from year to year with interest from the date of each payment. This measure of damages can only be sustained upon the basis of a total failure of consideration for the premiums annually paid. But there has been no such failure, because the policy being obligatory upon the company each one of those payments was necessary by its terms to keep it in force, and each secured to the plaintiff for the year for which it was paid the continued assurance of the life covered by the policy. He acquired and received by each annual payment precisely what he contracted for, to wit, the valid insurance of his father's life ; and the verdict has established that had the father died at any point of the period during which the payments were made the plaintiff would have been entitled to recover the $10,000 of insurance. There has been therefore, no failure of consideration, but each party has received under the contract from year to year precisely what was contracted for: the company has received its premiums, the plaintiff has received the obligation of the company to pay the amount insured in the contingency of death. This state of fact and of law necessarily results from the establishment by the verdict of the obligatory character of the policy. But the plaintiff had an additional right secured to him by the policy, which was to have it continued by the payment of the same rate of premium annually, until the death of his father. That right was based upon an average valuation of the probabilities of his father's life, according to established tables.

or rules.   When the company broke this contract and the plaintiff decided to sue for damages instead of compelling the continuance of the contract, he was entitled to recover a sum that equaled the value to him of the policy; or, in other words, that would make good to him the loss he sustained by its breach.   One mode of ascertaining that would be to determine the actual value of the policy at the time of its breach.   By that is not meant what the company would be willing to pay for it as the surrender value under some rule of its own, but what it would cost the plaintiff to replace the broken contract by another of equal value to him for the same amount of insurance and at the same rate of annual premium.   His father, on whose life the policy was taken, had advanced in years and doubtless in infirmities.   The difference in cost, in a responsible company, of a policy upon his life, assuring the same at $10,000 during life, would make good the loss caused by the breach.   That amount could easily be ascertained; and the payment of that difference, together with the amount of premium called for by the present policy, would put the plaintiff in the position in which he would have been, had no breach occurred. The plaintiff was entitled to a continued assurance of $10,000 on the payment, annually, during the life of his father, of the premiums required by the policy.   Assume for illustration only, that the premium was $500 annually, based upon the probability of the father's continuing life.   Assume, also, that to secure a policy in another responsible company on the same life, at the date of the defendant's breach, would require the annual payment of $1,000 for the remaining probable period of the life.   The utmost real damages the plaintiff could sustain would be the difference between the present values of these differing annual premiums, which he would be entitled to have ascertained and predicated upon the same probability of life, that required him to pay the assumed $500 upon the broken policy.   That difference would, of course, entirely reimburse his damages, and ought to have been ascertained and adopted as their measure.   We suppose a competent actuary would have no difficulty in ascertaining the amount, because the plaintiff would be entitled for the purpose of damages to have the same period of probable life assumed by the actuary as the basis of computation.

Either this must be the true rule of damages if the life continue to be insurable, or if it has ceased to be insurable, their mode of ascertainment should be one which shall determine the actual value of the policy at the time of the breach, as being a valid and obligatory one against an entirely responsible company. What that actual value might in that case be, would depend upon facts and circumstances susceptible of proof, but not now before the court. The injustice of the mode actually adopted can be illustrated by the fact that if the plaintiff's father continued to live, and the plaintiff continued to pay the premiums, and the defendant to receive them for a few years longer, the amount to be recovered upon the breach, under the rule applied in this case, would soon have exceeded the sum assured upon the life. Ten thousand dollars is the utmost the plaintiff could receive upon a full performance of the contract by both parties, and that sum would be subject to the deduction of his premium notes held by the company. The amount of premium notes added to the amount of the verdict approximate nearly to the sum the plaintiff would be entitled to receive on the policy at the death of his father. He has suffered no such damages by reason of the breach unless it be held that he is entitled to recover all that has been paid on the policy during its life on the ground of total failure of consideration, and that ground cannot we think be maintained.

The result is that the judgment must be reversed and a new trial ordered, with costs to abide the event.

Daniels, J., concurred.

Present — Davis, P. J., and Daniels, J.

Judgment reversed, new trial ordered, costs to abide event.